UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GREGORY BURNS a/k/a "Geezy",<br><br>Defendant. | CASE NO. 3:23-cr-00102<br><br>JUDGE Michael J. Newman<br><br>INDICTMENT<br><br>18 U.S.C. § 922(g)(1)<br>18 U.S.C. § 924(a)(8)<br>18 U.S.C. § 924(c)(1)(A)(i)<br>21 U.S.C. §§ 841(a)(1) & (b)(1)(A)-(C)<br><br>FORFEITURE |

THE GRAND JURY CHARGES:

## COUNT 1
### [21 U.S.C. §§ 841(a)(1) & (b)(1)(A)-(C)]

On or about March 28, 2023, in the Southern District of Ohio, defendant **GREGORY BURNS a/k/a "Geezy"**, knowingly and intentionally possessed with intent to distribute:

a. 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii);

b. 40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (also known as fentanyl), a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi); and

    c. a mixture or substance containing a cocaine, a Schedule II controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

All in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) – (C)

## COUNT 2
### [18 U.S.C. § 924(c)(1)(A)(i)]

On or about March 28, 2023, in the Southern District of Ohio, defendant **GREGORY BURNS a/k/a "Geezy"**, knowingly possessed a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States -- namely, possession with intent to distribute controlled substances as alleged in Count 1 of the Indictment, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A) – (C).

In violation of 18 U.S.C. § 924(c)(1)(A)(i).

## COUNT 3
### [18 U.S.C. §§ 922(g)(1) and 924(a)(8)]

On or about March 28, 2023, in the Southern District of Ohio, defendant **GREGORY BURNS a/k/a "Geezy"**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, and the firearm was in and affecting commerce.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).

### FORFEITURE ALLEGATION 1

Upon conviction of the offense set forth in Count 1 of this Indictment, defendant **GREGORY BURNS a/k/a "Geezy"** shall forfeit to the United States, pursuant to 21 U.S.C.

§ 853(a), (1) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation, and (2) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation, including but not limited to the following:

   a. A Ruger P95 firearm, Serial Number 318-63633, with magazine and approximately 13 rounds of 9mm ammunition
   b. A Glock 43 firearm, Serial Number AGPH076, with magazine and approximately 21 rounds of 9mm ammunition;
   c. A Taurus Arms revolver, Serial Number ABH849639, with approximately 5 rounds of 38 special ammunition;
   d. A Beretta PX4 Storm firearm, Serial Number PZ2311E, with magazine and approximately 14 rounds of .40 caliber ammunition.

## FORFEITURE ALLEGATION 2

Upon conviction of one or more of the offenses set forth in Counts 1 through 3 of this Indictment, defendant **GREGORY BURNS a/k/a "Geezy"** shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in or used in such violation(s) including, but not limited to, the firearms and ammunition listed in Forfeiture Allegation 1.

## SUBSTITUTE ASSETS

If any of the property described above in Forfeiture Allegations 1 and 2, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the court;
   d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) or as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendant, up to the value of the property described above.

A TRUE BILL

_____
FOREPERSON

**KENNETH L. PARKER**
**UNITED STATES ATTORNEY**

_____
**AMY M. SMITH (0081712)**
**Assistant United States Attorney**